# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN ERCELL STATON,

        Plaintiff,

v.                                                                        Civil Action No. 2:06cv1
                                                                                                  (Judge Maxwell)

GOVERNOR JOE MANCHIN,
JIMMY PLEAR, AND POTOMAC
HIGHLAND REGIONAL JAIL,

        Defendants.

## REPORT AND RECOMMENDATION

On October 19, 2005, Plaintiff initiated this case by filing a civil rights complaint in the United States District Court for the Southern District of West Virginia. Because the complaint contains allegations that Plaintiff's constitutional rights have been violated at the Potomac Highlands Regional Jail ("PHRJ"), the case was transferred to this Court on December 29, 2005. On May 1, 2006, Plaintiff was granted permission to proceed as a pauper and paid an initial partial filing fee on May 22, 2006. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

## I. The Complaint

In the complaint, Plaintiff asserts that he arrived at the PHRJ on July 1, 2005. When he arrived, Plaintiff asserts that he had a "broken partial plate." Prior to his arrival, Plaintiff was informed by a Magistrate at the County Courthouse that he should immediately report his "broken partial plate" to the appropriate authorities. On July 3, 2005, Plaintiff asserts that he

filed a grievance.[1]

Plaintiff asserts that Governor Joe Manchin ("Governor Manchin") is the overseer of the State and that he had knowledge of this "institution and employee's violations from July 1st 2005 through now." Complaint at 5. Plaintiff asserts that he sent Governor Manchin an administrative remedy claim, on September 20, 2005. Plaintiff asserts that he never received a response.

Plaintiff asserts that Jimmy Plear ("Plear"), the Acting Executive Director, manages and oversees inmates and personnel. Plaintiff asserts that Plear has "knowledge concerning the violations that the authorities at this facility committed and still until this day." Complaint at 8. Plaintiff asserts the following violations:

(1) discrimination;

(2) civil and constitutional rights;

(3) deprived out of health and medical care;

(4) health and safety hazards;

(5) fire drill procedures;

(6) librarian needed to coordinate and supervise library;

(7) communication two way on all levels;

(8) legal mail not properly handled and delivered;

(9) the jail does not have a chaplain;

(10) the jail does not give orientation;

(11) confidential, examination and evaluation not done properly and privately; and

---

[1] Plaintiff does not state the content of the grievance or the results of filing his complaint.

(12) retaliation and abuse by staff employees.

Plaintiff asserts that Plear never once intervened nor responded to grievances that Plaintiff sent to his attention.

Next, Plaintiff asserts that the PHRJ has authority over Plaintiff. Moreover, Plaintiff asserts that the PHRJ has committed violations against him through its employees Jerry L. Detrick ("Detrick") and First Sergeant Collins ("Collins"). Specifically, Plaintiff asserts that Detrick failed to respond to his grievances and that Collins conspired "with medical" to hinder Plaintiff's access to adequate health care. Complaint at 8. Plaintiff also asserts that Collins interfered with his grievances and that Detrick has knowledge of "these matters." In addition, Plaintiff asserts that Collins has discriminated against him and failed to act when he found out that other officers were retaliating against Plaintiff. Finally, Plaintiff asserts that Collins knew of "jail neglect" and "staph disease," that he failed to give Plaintiff the address of the facility administrator, that he put the wrong date on Plaintiff's grievances to keep them from being heard, and that Collins denied Plaintiff medication. Complaint at 9.

As a result of the alleged violations, Plaintiff seeks monetary damages and also seeks:

(1) to have the defendants sterilize the jail;

(2) to investigate discrimination against Plaintiff and other inmates;

(3) have the jail provide 100% health care;

(4) have the jail stop placing inmate health and safety at risk;

(5) conduct fire drill procedures;

(6) communicate two ways;

(7) have the jail hire a librarian;

(8) have the jail handle legal mail properly;

(9) have the jail hire a chaplain;

(10) have the jail give thorough orientations;

(11) have the jail do private examinations and evaluations so as to keep confidential information private;

(12) have the jail stop retaliating against and abusing inmates;

(13) have the jail administration stop interfering and conspiring with medical to hinder an inmate from getting adequate treatment; and

(14) have the jail not intercept or interfere with an inmate's correspondence.

## **II. Standard of Review**

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328.

Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Analysis

**A. Defendants Manchin and Plear**

In the complaint, Plaintiff asserts that Governor Manchin is liable for damages because he is the overseer of the State and because he was aware of the problems at the PHRJ. Likewise, Plaintiff asserts that Plear is liable for damages because he is the overseer of the PHRJ and its employees and because he was allegedly sent certain grievances.

There is no *respondeat superior* liability under § 1983. See Monell v. Department of Social Services, 436 U.S. 658 (1978); see also Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charges acted personally in the deprivation of the plaintiff's rights." Vinnedge, supra. Id. Plaintiff has not alleged that Defendants Manchin and Plear were personally involved in subjecting him to the conditions of which he complains, rather, Plaintiff merely asserts that Governor Manchin and Plear have supervisory responsibilities over those persons who did commit the alleged acts.

When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was

---

[2] Id. at 327.

5

engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[3]

Because Plaintiff fails to allege any personal involvement on the part of Governor Manchin or Plear, nor does he make any allegations which reveal the presence of the required elements for supervisory liability, Plaintiff fails to state a claim against Governor Manchin and Plear. Consequently, those defendants should be dismissed.

**B. Defendant PHRJ**

"Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit." Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983). Accordingly, the PHRJ is not a proper party and should be dismissed.

---

[3] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

**C. Failure to State a Claim**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added) "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In the instant case, plaintiff also alleges that two PHRJ employees, Detrick and Collins, violated his constitutional rights. However, Plaintiff merely makes general allegations that his rights have been violated without stating any facts in support of those claims. Moreover, in most instances, Plaintiff does not even allege the violation of any particular constitutional right.[4] Instead, he simply states that his civil and constitutional rights have been violated. In fact, in some instances, Plaintiff's claims are so general and devoid of factual support, that it is not even clear if the alleged violations even pertain specifically to him.[5] Accordingly, Plaintiffs' claims

---

[4] The closest Plaintiff comes to identifying which of his constitutional rights have been violated is when he asserts that he was retaliated against and that he was denied adequate medical treatment. However, Plaintiff fails to assert who exactly retaliated against him, in what manner, or what were the consequences of that retaliation. As to his lack of adequate medical treatment, Plaintiff does not specify who specifically denied him adequate medical treatment or for what medical condition.

[5] For example, Plaintiff asserts that legal mail is not properly handled, yet cites no specific instance in which his rights were violated by the alleged mishandling. Moreover, Plaintiff asserts that the Jail does not have a Chaplain, yet he does not assert how he has been harmed by this alleged deficiency.

are insufficiently pled, the complaint fails to state a claim for which relief can be granted, and the complaint should be dismissed. See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

### IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's claims against Governor Manchin, Jimmy Plear, and the Potomac Highlands Regional Jail be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim. Moreover, to the extent that Plaintiff is attempting to raise a claim against Jerry L. Detrick and First Sergeant Collins, the undersigned recommends that those claims be **DISMISSED without prejudice** as insufficiently plead.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: October 12, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE